IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PARTNER CONNECTIONS, LLC an Oregon )
limited liability company, )
                                                        ) CV-05-605-ST
                Plaintiff, )
                                                        ) OPINION AND ORDER
        v. )
                                                            )
NCH PARTNERS , LLP, a California limited )
liability partnership; NICK HODGES, an )
individual; and DOES 1-10. )
                                                            )
                          Defendants. )

STEWART, Magistrate Judge:

## **INTRODUCTION**

This case involves a dispute between plaintiff, Partner Connections, LLC ("Partner Connections"), its former officer, defendant Nick Hodges ("Hodges"), and NCH Partners ("NCH Partners"), an entity that Hodges controls. Partner Connections is a member firm of the National Association of Securities Dealers, Inc. ("NASD"), which requires its members to submit certain types of disputes to arbitration.

All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).

Defendants have filed a Motion to Dismiss or, in the Alternative, to Stay Pending Arbitration (docket #4) and Partner Connections has filed a Motion for Preliminary Injunction (docket #11). Partner Connections concedes that all of its claims are subject to NASD arbitration, except its First Claim for copyright infringement brought solely against Hodges. Therefore, the only issue is whether Partner Connections's copyright infringement claim must be arbitrated by the NASD.

For the reasons that follow, the copyright infringement claim is subject to NASD arbitration. Accordingly, all claims will be dismissed after Partner Connections files its response in the pending NASD arbitration proceeding, and Partner Connection's Motion for Preliminary injunction is dismissed with leave to refile.

## DISCUSSION

**I.     Motion to Dismiss/Stay**

    **A.     Legal Standard**

"A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Sprewell v. Golden State Warriors*, 266 F3d 979, 988 (9th Cir), *opinion amended on denial of rehearing,* 275 F3d 1187 (2001). The court must accept as true all material, well-pleaded allegations in a complaint, as well as all reasonable inferences from those allegations. *Id.*

///

///

### B. Allegations

Partner Connections refers accountants to broker-dealers to develop the accountants' investment advising business with their clients. When an accountant referred by Partner Connections places a client's investment with the broker-dealer, it receives a commission based on the revenues generated from placing and managing the investment. Hodges was employed by Partner Connections from May 1999 to January 2005.

In 2002, Hodges wrote a book entitled *The Lazy CPA's Guide for Adding Financial Services to Your Tax Practice* ("the guidebook"), which was published in October 2003. Hodges created and published the guidebook in the scope of his employment with Partner Connections. Pursuant to 17 USC § 201(b), the guidebook is a "work for hire" which entitles Partner Connections to sole ownership of all rights, title and interest in the copyright of the guidebook.

In January 2005, Hodges resigned his position with Partner Connections and began selling the guidebook through a website and other means for his own benefit. Subsequently, Partner Connections complied with the provisions of the Copyright Act and on March 18, 2005, was granted copyright registration of the guidebook through the United States Copyright Office, Registration No. TX 6-125-527.

On May 2, 2005, Partner Connections informed Hodges that his independent marketing of the guidebook infringed the copyright. Hodges nevertheless has continued his independent marketing.

### C. Scope of NASD Arbitration

Defendants maintain that they can compel arbitration of the copyright infringement claim under the NASD Code of Arbitration Procedure ("NASD Code"). Article VII, Section 1(a)(iv)

3 - OPINION AND ORDER

of the NASD Bylaws authorizes the NASD to establish rules for "the required or voluntary arbitration of controversies between members." Section 10101 of the NASD Code allows arbitration of:

> any dispute, claim, or controversy arising out of or in connection with the business of any member of the [NASD], or arising out of the employment or termination of employment of associated person(s) with any member . .
>   (a) between or among members;
>   (b) between or among members and associated persons; [and]
>   (c) between or among members or associated persons and public customers, or others.

In turn, § 10201(a) of the NASD Code requires arbitration of a subset of certain disputes initiated by specified persons:

> [A] dispute, claim, or controversy *eligible for submission* under the Rule 10100 Series between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s) or in connection with the activities of such associated person(s) or arising out of the employment or termination of employment of such associated person(s) with such member, *shall be arbitrated* under this Code, *at the instance of*:
>   (1) a member against another member;
>   (2) a member against a person associated with a member or a person associated with a member against a member; amd
>   (3) a person associated with a member against a person associated with a member.

(Emphasis added.)

Pursuant to NASD Code § 10216(f), a "current or former associated person of a member" may move to compel arbitration of claims filed against him in court by a member concerning "matters that are subject to mandatory arbitration."

It is undisputed that Partner Connections is a NASD member. Partner Connections also concedes that both Hodges and NCH are persons associated with a member.[1] Therefore, Hodges and NCH, as associated persons, may require Partner Connections, a member, to arbitrate those disputes eligible for submission to arbitration under NASD Code § 10101. The only issue is whether the copyright infringement claim is the type of dispute that is eligible for submission to arbitration under the NASD. If it is, then NASD arbitration is required.

Federal courts have exclusive jurisdiction over claims arising under the Copyright Act, 28 USC § 1338(a). However, copyright claims may be subject to arbitration where parties have entered into arbitration agreements. *See Kamakazi Music Corp. v. Robbins Music Corp.*, 684 F2d 228, 231 (2nd Cir 1982) (an arbitration clause in a licensing agreement "was broad enough to encompass Copyright Act claims which required interpretation of the contract" and does not violate public policy); see also *Thompson v. Tega-Rand*, 740 F2d 762, 763 (9th Cir 1984) (arbitration decision confirmed where the parties stipulate to arbitration of the copyright claims and other claims).

Partner Connections argues that, in contrast to the licensing agreement in *Kamakazi*, it never agreed with defendants to submit a copyright infringement claim to NASD arbitration. While this may be true, this distinction is unavailing because the NASD involvement of both parties entitles the defendants to arbitration of this proceeding. By becoming a member of the NASD, Partner Connections explicitly agreed to arbitrate eligible claims. Hodges similarly

---

[1] There appears to be some debate whether a person associated with a member must be a natural person. *Compare Burns v. New York Life Ins. Co.*, 202 F3d 616, 621 (2nd Cir 2000) (agreeing with the Fifth and DC Circuits that the NASD definition which limits an "associated person" to a natural person is not superseded by a broader definition in the Securities Exchange Act of 1934, 15 USC § 78c(a)(21)), *with McMahan Sec. Co. v. Forum Capital Markets*, 35 F3d 82, 87 (2nd Cir 1994) (holding that an "associated person" could be an entity which is a partner of a member). The Ninth Circuit has not yet decided this issue.

agreed to arbitrate eligible claims through his association with NASD dealers.[2] Although the Ninth Circuit has not yet addressed this question, the Second Circuit held in *McMahan Sec. Co. v. Forum Capital Markets,* 35 F3d 82, 89 (2nd Cir 1994), that where departing principals were sued by their former employer (an NASD member) for misappropriating trade secrets and a copyrighted computer system, the NASD Code requires all claims, including claims for copyright infringement, to be submitted to arbitration. This court finds *McMahan* persuasive and similarly concludes that copyright claims are subject to arbitration under the NASD Code.

Partner Connections also argues that Hodges may not require arbitration of the copyright infringement claim because it does not arise "in connection with the business" of Partner Connections as required by NASD Code § 10210(a). Partner Connections contends that its business of managing investment referral services for accountants is beyond the scope of functions regulated by NASD membership, which renders this dispute beyond the reach of the NASD arbitration provisions. This argument ignores another portion of NASD Code § 10210(a) which explicitly provides that disputes "arising out of employment . . . of associated person(s) with any member" are subject to arbitration.[2]

In framing its copyright infringement claim, Partner Connections alleges that its rights to the guidebook and the validity of its copyright arise from Hodges's former status as an employee. As a result, Hodges's authorship of the guidebook was "work made for hire" in which his employer, Partner Connections, "owns all of the rights comprised in the copyright." 17 USC § 101. Because Partner Connections alleges a connection between Hodges's

---

[2] As a securities broker licensed with Partner Connections, Hodges also signed the NASD "U-4" form in which he agreed to submit all employment dispute to arbitration. This fact was confirmed by Hodges's counsel at oral argument.

employment and the validity of its copyright, it cannot prevail in its argument that the copyright infringement claim is beyond the scope of NASD Code § 10201(a). Clearly, this copyright infringement dispute is grounded in the terms of Hodges's employment, a matter which falls squarely within § 10201(a), and therefore is subject to mandatory NASD arbitration.

**D.      Stay or Dismissal**

The Federal Arbitration Act provides for an action to be stayed pending arbitration. 9 USC § 3. However, the court may dismiss an action when it would serve no purpose to retain jurisdiction. *See Sparling v. Hoffman Const. Co., Inc.*, 864 F2d 635, 638 (9th Cir 1988) (court has authority to grant dismissal when "all claims are barred by an arbitration clause"); *Seus v. John Nuveen & Co., Inc.*, 146 F3d 175, 179 (3rd Cir 1998), *cert denied*, 525 US 1139 (1999) ("If all the claims involved in an action are arbitrable, the court may dismiss the action instead of staying it"). Because all of Partner Connections's claims are subject to arbitration under the NASD Code, there is no reason to retain jurisdiction over them.

In May 2005, Hodges filed an arbitration claim with the NASD against Partner Connections for defamation entitled *Nicholas C. Hodges v. Partner Connections, LLC, et al*, NASD Case No. 05-02271. However, Partner Connections has not yet filed a response in that pending arbitration and intends to seek a preliminary injunction in this court which, as discussed below, is allowed by the NASD Code. To avoid another filing fee, this action will be stayed until Partner Connections files a response to Hodges's arbitration claim with the NASD. At that point, this action will be dismissed.

///

///

**II.     Motion for Preliminary Injunction**

Pursuant to FRCP 65(a) and 17 USC § 502(a), Partner Connection moves for a preliminary injunction to enjoin Hodges from infringing Partner Connections's copyright in the guidebook. This motion must be denied for two reasons.

First, LR 7.1 requires a party filing a motion to certify that the "parties made a good faith effort through personal or telephone conferences to resolve the dispute, and have been unable to do so; or [t]he opposing party willfully refused to confer." Partner Connections did not confer with defendants before filing this motion for preliminary injunction. As a result of Partner Connections's failure to confer, defendants were denied the opportunity to reach some kind of agreement short of court intervention.

Even if the court were to entertain Partner Connections's motion for preliminary injunction, Partner Connections has failed to comply with the NASD Code related to such motions. Even though all of Partner Connections's claims in this action are subject to mandatory arbitration under the NASD Code, the court may issue temporary injunctive relief with respect to those claims if certain requirements are first satisfied. NASD Code § 10335(a)(3) requires a party seeking temporary injunctive relief to file *simultaneously* a statement of claim seeking the same relief in arbitration:

> A party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration pursuant to Rule 10201 shall simultaneously file with the Director a Statement of Claim requesting permanent injunctive and all other relief with respect to the same dispute in the manner specified under this Code. The party seeking temporary injunctive relief shall also serve the Statement of Claim requesting permanent injunctive and all other relief on all other parties in the same manner and at the same time as the Statement of Claim is filed with the Director.

This procedure is designed to afford a party temporary relief, but to keep any final determination regarding injunctive relief in the hands of the arbitrators. "If a court issues a temporary injunctive order, an arbitration hearing on the request for permanent injunctive relief shall begin within 15 days of the date the court issues the temporary injunctive order." NASD Code § 10335(b)(1).

Partner Connections has not filed or served a statement of claim in the pending NASD arbitration, let alone a request for permanent injunctive relief. Therefore, its Motion for Preliminary Injunction must be denied.

Because the procedural defects of this motion can be easily remedied, Partner Connections's Motion for Preliminary Injunction is denied with leave to refile in order to comply with both the Local Rules of this court and the NASD Code.

## **ORDER**

For the reasons set forth above, defendants' Motion to Dismiss or, in the Alternative, to Stay Pending Arbitration (docket #4) is GRANTED. All claims are stayed until Partner Connections files its response in the pending NASD arbitration proceeding filed by Hodges, at which point the stay will be lifted and this action will be dismissed. Defendants shall advise the court when this action should be dismissed.

Partner Connections's Motion for Preliminary Injunction (docket #11) is DENIED with leave to refile.

DATED this 22nd day of July, 2005.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge