IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PARTNER CONNECTIONS, LLC, an Oregon
limited liability company,

                Plaintiff,

   v.

NCH PARTNERS , LLP, a California limited
liability partnership; NICK HODGES, an
individual; and DOES 1-10.

                Defendants.

CV-05-605-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## INTRODUCTION

Based on a request for a permanent injunction made by Partner Connections, LLC ("Partner Connections"), this case was stayed pending an arbitration and ruling by the National Association of Securities Dealers, Inc. ("NASD"), concerning claims by and against defendants Nick Hodges ("Hodges"), a former officer of Partner Connections, and NCH Partners, an entity

1 - OPINION AND ORDER

that Hodges controls. Now that the NASD has issued its ruling, defendants have filed a Motion for Award of Attorney Fees (docket # 37) in the sum of $11,008.53. For the reasons set forth below, that motion is granted for the reduced sum of $8,925.00.

## **DISCUSSION**

**I.      Entitlement to Attorney Fees**

Partner Connections filed this action in May 2005. Hodges then moved to dismiss or, in the alternative, stay all of Partner Connections' claims pending arbitration (docket # 4). In an Opinion and Order dated July 22, 2005, this court granted Hodges' motion and ordered all of Partner Connections' claims stayed until Partner Connections filed a response to Hodges' arbitration claim with the NASD, at which point the case would be dismissed (docket # 19). To avoid dismissal, Partner Connections filed a Motion for Preliminary Injunction (docket # 21) and the parties subsequently entered into a Stipulated Preliminary Injunction Order (docket # 26). As a result, this case was stayed pending either a ruling by the NASD on Partner Connections' request for a preliminary injunction or withdrawal of that request (docket # 28).

On February 8, 2007, the NASD arbitration panel issued an award dismissing all of Partner Connections' claims against Hodges and awarding Hodges attorney fees of $87,352.59 that he incurred in the arbitration proceeding. Declaration of Ky Fullerton ("Fullerton Decl."), Ex. 1, pp. 7-9. Hodges did not move the NASD arbitration panel to award fees that he incurred in connection with this action, and those fees were not part of the arbitrators' award. *Id*, ¶ 2.

Hodges now asks this court to award him attorney fees incurred in this action. Section 16.11 of his Operating Agreement for Partner Connections provides for an award of reasonable attorney fees to the prevailing party:

> **Attorney Fees.** In the event arbitration is instituted to enforce or determine the parties' rights in connection with the Company or duties arising out of the terms of this Agreement or the parties' relationship or a suit or action permitted herein is brought, the prevailing party shall recover from the losing party reasonable attorney fees incurred in such proceeding. The determination of who is the prevailing party and the amount of reasonable attorney fees to be paid to the prevailing party shall be decided by the arbitrator(s) (with respect to attorney fees incurred prior to and during arbitration proceedings) and by the court or courts, including any appellate court, in which such matter is tried, heard, or decided, including the court which hears any exceptions made to an arbitration award submitted to it for confirmation as a judgment (with respect to attorney fees incurred in such confirmation proceedings).

*Id*, Ex. 2, p. 32.

Because defendants prevailed on their motion to stay this case and also obtained a ruling in their favor by the NASD arbitration panel, Partner Connections' claims against Hodges are subject to dismissal in their entirety. As a result, Hodges claims that he is the prevailing party in this action and, thus, is entitled to recover his reasonable fees incurred in connection with this action. *Marsu, B.V. v. Walt Disney Co.*, 185 F3d 932, 939 (9th Cir 1999) (awarding attorney fees to prevailing party based on contract under state law); *Anderson v. Jensen Racing, Inc.*, 324 Or 570, 578-79, 931 P2d 763, 767 (1997) (awarding attorney fees based on contract to prevailing party under Oregon law).

Partner Connections does not dispute that defendants are the prevailing party in this action, but relies on the language of Section 16.11 to argue that only the arbitrators, and not the court, are authorized to award Hodges any "attorney fees incurred prior to and during arbitration

3 - OPINION AND ORDER

proceedings." As a result, it urges this court to deny Hodges' request for attorney fees incurred in this action both prior to and during the arbitration and to award Hodges only those fees incurred after the arbitration award.

Section 16.11 expressly authorizes the prevailing party in an arbitration to recover "reasonable attorney fees incurred in such proceeding." It also authorizes the arbitrators to determine the prevailing party and the amount of fees to be paid to the prevailing party "with respect to attorney fees incurred prior to and during arbitration proceedings." However, it also authorizes a "court or courts, including any appellate court, in which such matter is tried, heard, or decided" to determine and award attorney fees to the prevailing party. The issue is whether the phrase "such matter" is limited only to court proceedings filed after the arbitrators issue an award.

Admittedly Section 16.11 is not a paragon of clear drafting. However, applying the standard rules of grammar, the expression "such matter" must refer back to the subject of the sentence. The subject of the sentence is the "determination of who is the prevailing party and the amount of reasonable attorney fees to be paid to the prevailing party." This court has "heard" and "decided" a "matter" in which it must determine a prevailing party, namely defendants' motion to dismiss or, in the alternative, stay all of Partner Connections' claims pending arbitration (on which defendants prevailed), followed by Partner Connections' request for a preliminary injunction (to which the parties stipulated). This "matter" required a ruling as to whether Partner Connections had the right to litigate a copyright infringement claim in this court despite the filing an arbitration claim with the NASD by Hodges against Partner Connections for defamation.

4 - OPINION AND ORDER

From a strictly chronological point of view, attorney fees incurred in this action were incurred prior to the NASD arbitration. However, they were not incurred as part of – or even in preparation for – the arbitration proceeding itself, but rather in a court proceeding which was entirely separate from the pending arbitration. In this separate court proceeding, the court heard and decided matters for which it must determine who is the prevailing party and the amount of reasonable attorney fees to be paid to that prevailing party.

This interpretation of Section 16.11 is buttressed by its last clause which states that the court may determine attorney fees, "including the court which hears any exceptions made to an arbitration award submitted to it for confirmation as a judgment (with respect to attorney fees incurred in such confirmation proceedings)." By using the word "including," Section 16.11 clearly contemplates that a court may determine attorney fees in court proceedings in addition to those court proceedings to hear "exceptions made to an arbitration award submitted to it for confirmation as a judgment." However, the only possible court proceedings after issuance of the arbitration award would be to confirm the award and hear any exceptions to confirmation. If Section 16.11 covers other court proceedings, then it must also include court proceedings before and during the arbitration.

Accordingly, this court concludes that Section 16.11 authorizes this court to award fees to Hodges as the prevailing party in this action.

**II.**    **Amount of Attorney Fees**

According to Section 16.1, the Operating Agreement is governed by Oregon law. To determine whether the claimed hours and hourly rates are reasonable, the courts in Oregon may consider the following six factors drawn from Disciplinary Rule 2-106 of the Code of

5 - OPINION AND ORDER

Professional Responsibility: (1) the novelty and difficulty of the question involved; (2) the skills needed to perform the work properly; (3) the fees customarily charged for similar legal services; (4) the result obtained; (5) the attorney's experience, reputation and abilities; and (6) if the attorney devoted a substantial amount of time to the case on a contingent fee basis. *Dockins v. State Farm Ins. Co.*, 330 Or 1, 5-6, 997 P2d 859, 861-62 (2000).[1]

Hodges seeks an award of attorney fees in the sum of $11,008.53 for services rendered from May 31 to October 17, 2005, and from January 15 to February 14, 2007. Fullerton Decl., ¶¶ 3-6, Ex. 3. Other than arguing that Hodges is not entitled to recover any attorney fees incurred prior to the arbitration, Partner Connections does not contest the number of hours or the hourly rates. Even if there is no objection to either the hours or the rates, the court has an independent duty to review the petition for reasonableness. *Gates v. Deukmejian*, 987 F2d 1392, 1400 (9th Cir 1993).

Hodges claims that the amount of time and labor spent by his attorneys was reasonable because of his success, the complexity of Partner Connections' claims, and the efficiency with which his attorneys staffed the case by having the work performed by an associate attorney under the supervision of a partner.

In independently reviewing the time records submitted by Hodges' attorneys, the amount of hours appears to be reasonable, given the complexity of the claims. The bulk of the work in this case was performed by Ky Fullerton, who has practiced law since 2002, regularly represents NASD members and associated persons in litigation, and was supervised by John F. Neupert.

---

[1] Under ORS 20.075, the courts are directed to consider the same set of factors (among others) when determining the amount of an attorney fee award. However, ORS 20.075 applies only when "attorney fees are authorized by statute and . . . the court has discretion to decide whether to award attorney fees." ORS 20.075 does not apply here because the award of attorney fees is authorized only by contract and because the contract mandates an award of attorney fees to the prevailing party.

Fullerton Decl., ¶¶ 3-6, Ex. 3.  Mr. Neupert has practiced law since 1978 and is experienced in litigation involving intellectual property and corporate governance.  *Id*, ¶ 6.

With respect to the hourly rates, Mr. Fullerton charged about $180.00/hour for most of his time, although his hourly rate was only $121.24 for the month of June 2005 and increased to $240.00 by 2007.  He has not submitted any justification for these rates.  Absent any other information in the record, this court will use the Oregon State Bar Economic Survey of 2002 (the most recent survey available at this time) as the benchmark for determining prevailing market rates in the relevant community.  According to that survey, $180.00/hour charged by Mr. Fullerton in 2005 is well above the average of $144.00/hour and nearly equal to $181.00/hour for the 95th percentile for attorneys admitted to practice for 0-3 years in the Portland area.  For 2007, his rate of $240 is well above the average of $165.00/hour and also above $220.00/hour for the 95th percentile for attorneys admitted to practice 4-6 years in the Portland area.

Mr. Neupert charged an hourly rate of $242.40 prior to July 2005 and $360.00 thereafter, which also is well above the average rate of $227.00/hour and of $320.00/hour for the 95th percentile for attorneys admitted to practice for 21-30 years in the Portland area.

Hodges argues that even considering inflation between 2002 and 2005, when the vast majority of services were rendered in this case, the rates are reasonable.  However, he has not submitted any information concerning the rates of inflation during that time period and, even if he had, the hourly rates sought would still be higher than average.  The Consumer Price Index for All Urban Consumers in the Portland-Salem, OR-WA area, increased approximately 6.64% from 2002 (annual base of 183.8) through 2005 (annual base of 196.0) and increased about

7 - OPINION AND ORDER

9.41% from 2002 through 2006 (annual base of 201.1).[2] *See* http://data.bls.gov/PDQ/servlet/ SurveyOutputServlet (last visited April 10, 2007). Adding inflation would increase the hourly rate for attorneys admitted to practice for 0-3 years in the Portland area from an average of $144.00/hour in 2002 to $157.55/hour in 2005; for attorneys admitted to practice for 4-6 years in the Portland area from $165.00/hour in 2002 to $180.52/hour in 2006 (the applicable rate for Mr. Fullerton's in 2007 based on his years of practice); and for attorneys admitted to practice for 21-30 years in the Portland area from $227.00/hour in 2002 to $242.07/hour in 2005 and $248.36/hour in 2006.

Given that Hodges has provided no justification for charging more than the average hourly rate according to the survey plus inflation, this court will accordingly decrease Mr. Fullerton's hourly rate from $180.00/hour to $153.56/hour for 2005 and from $240.00/hour to $157.55/hour for 2007 and also decrease Mr. Neupert's hourly rate from $360.00/hour to $242.07/hour for 2005. Mr. Thomas Sand and Mr. Bruce Campbell also incurred time in May 2005 and charged hourly rates slightly less than Mr. Neupert. Accordingly, their hourly rates also will be reduced to $242.07/hour for 2005. Mr. Sand also incurred .70 hour on February 14, 2007, and for the same reason, this court decreases his hourly rate from $395.00/hour to $248.36/hour. Accordingly, a reasonable attorney fee is calculated as follows:[3]

| | | | |
|---|---|---|---|
| Sand/Campbell/Neupert (2005): | 7.6 hours x $242.07 | = | $ 1,839.73 |
| Sand (2007): | .7 hours x $248.36 | = | 173.85 |

---

[2] The formula used to calculate the percentage increase is (Year II - Year I) / (Year I x 100). Since the CPI is not yet available for 2007, this court will use the last available CPI for 2006 with respect to services rendered in early 2007.

[3] This calculation excludes $17.50 charged by Alexander Ring on 1/16/2007 for .10 hour at $175.00/hour. He is not listed as an attorney admitted to the Oregon State Bar and no information has been provided to the court why his time is recoverable.

8 - OPINION AND ORDER

|  |  |  |  |
|---|---|---|---|
| Fullerton (2005) | 39.6 hours[4] x $153.56 | = | 6,080.98 |
| Fullerton (2007) | 4.6 hours x $180.53 | = | 830.44 |
| TOTAL: |  |  | $ 8,925.00 |

Based on the reduction in the hourly rates charges, the amount of attorney fees award to Hodges is reduced to $8,925.00

## **ORDER**

For the reasons set forth above, defendants' Motion for Award of Attorney Fees (docket # 37) is GRANTED in the reduced sum of $8,925.00

DATED this day 10th day of April, 2007.

/s/ Janice M. Stewart___
Janice M. Stewart
United States Magistrate Judge

---

[4] No reason is given for why Mr. Fullerton's hourly rate decreased to $121.20/hour for June 2005 from his prior hourly rate of $176.23. It appears to be a computer/typographical error. Since Mr. Fullerton is entitled to recover a reasonable rate, this court will apply the same hourly rate for all of his time in 2005.

9 - OPINION AND ORDER